IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-201 |
| | § | C.A. No. C-05-429 |
| GILBERTO MARTINEZ-FIGUEROA, | § | |
| Defendant/Movant. | § | |

## ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending before the Court is Gilberto Martinez-Figueroa's ("Martinez") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (D.E. 20),[1] which was received by the Clerk on August 22, 2005. Also pending are two additional motions filed by Martinez on the same date: a motion to proceed *in forma pauperis*, (D.E. 21), and a "Motion to Waive Assessment Fee." (D.E. 22).

The Court concludes that it is not necessary to order a government response to the § 2255 motion because "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b) of the RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS. Martinez's motion is subject to dismissal because he waived his right to file the sole claim he raises therein. The motion is also subject to dismissal on its merits because the precise issue Martinez raises has been rejected by a directly controlling Supreme Court decision which, although it has been called into doubt, is still binding on this Court.

---

[1] Dockets entries refer to the criminal case, C-04-cr-201.

1

For these reasons, discussed in more detail below, the Court DISMISSES the motion. Additionally, the Court DENIES Martinez a Certificate of Appealability.  Finally, the Court also DENIES the two additional motions filed by Martinez.

## I.  JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II.  FACTS AND PROCEEDINGS

On May 12, 2004, Martinez was charged in a single-count indictment with: (1) illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 1).  On June 30, 2004, Martinez pleaded guilty to the indictment pursuant to a written plea agreement.  (D.E. 9, 10).  In exchange for his guilty plea and his waiver of appellate and § 2255 rights (discussed below), the government agreed to recommend that he receive maximum credit for acceptance of responsibility and to recommend a sentence at the low end of the applicable guideline range. (D.E. 10 at ¶¶ 1-2).

The plea agreement contained a voluntary waiver of Martinez's right to appeal and to file a § 2255 motion:

> Defendant is aware that Title 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  The defendant waives the right to appeal the sentence imposed or the manner in which it was determined.  The defendant may appeal only (a) the sentence imposed above the statutory maximum; or (b) an upward departure from the Sentencing Guidelines, which had not been requested by the United States.  Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(D.E. 10 at ¶ 7) (emphasis in original).[2]

_____

[2]  In the same paragraph, Martinez also waived "any right to have facts that the law makes essential to the punishment either (1) charged in the indictment or (2) proven to a jury." (D.E. 10 at ¶ 7).  His sole claim for relief

The Court questioned Martinez under oath at the rearraignment to ensure that his plea was voluntary and knowing and to ensure that he understood and was voluntarily relinquishing his appeal rights and right to file a § 2255 motion:

> **THE COURT:** ... I want to make sure you understand you're giving up your right to appeal, which means you're giving up your right to appeal any sentencing decision I make over your objections. This is a personal right. It only belongs to you and not to your attorney. And only you can give up your right to appeal.
>
> . . . [Discussion concerning specifics of appellate waiver].
>
> You're also giving up a right of post-conviction remedy, which is a 2255, or also called a writ of habeas corpus wherein you could attempt to set aside your conviction and/or your sentence by challenging issues such as constitutionality, jurisdiction or such matters as ineffective assistance of counsel. But if we go forward here today, you give up both of these rights forever, that is, your appeal right and your right of a post-conviction remedy. Do you understand that, Mr. Martinez-Figueroa?
>
> **DEFENDANT:** Yes.

(Digital Recording of June 30, 2004 Rearraignment ("R. Rec.")  at 9:27:37-9:31:19).

Following the foregoing exchange, the Assistant United States Attorney summarized the identical plea agreements of the three defendants being rearraigned. In the course of that summary, he specifically stated that: "They're waiving their rights to appeal, including the right under Title 28, Section 2255." (R. Rec. at 9:32:27-9:32:31). After that summary was given, Martinez testified that the summarized agreement was his, that it was the entire agreement and that he understood it. He further testified that no one had made him any other promises that were not in the agreement. (R. Rec.

---

also appears to be barred by this portion of his agreement, because his § 2255 motion argues that the fact of his prior conviction for an aggravated felony should have been charged in the indictment and proven to a jury, rather than found by the Court. Nonetheless, the Court need not determine the validity of this portion of his waiver, because his waiver of § 2255 rights bars his motion is its entirety, as discussed herein.

at 9:33:07-9:34:54). He reviewed the written agreement and identified it as his plea agreement, and testified that it was his signature on the last page. He also testified that it had been read to him completely in Spanish and that he had discussed it completely with his attorney before he signed it. (R. Rec. at 9:35:52-9:37:15).

It is clear from the foregoing that Martinez's waiver of his § 2255 rights was knowing and voluntary. See Fed. R. Crim. P. 11(b)(1)(N) (obligating court to ensure defendant understands any waiver of § 2255 rights and appellate rights prior to accepting his plea).

The Court sentenced Martinez on October 15, 2004 to 46 months in the custody of the Bureau of Prisons, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. (D.E. 17, 18). Judgment of conviction and sentence was entered November 2, 2004. (D.E. 18). Consistent with his waiver of appellate rights, Martinez did not appeal. His § 2255 motion was received by the Clerk on August 22, 2005. (D.E. 20). It is timely.

### III.  MOVANT'S ALLEGATIONS

As noted, Martinez lists only one ground for relief in his § 2255 motion. He claims that his sentencing violated his Sixth Amendment rights as set forth in United States v. Booker, 125 S. Ct. 738 (2005). Specifically, he claims that his sentence was enhanced based on a prior conviction neither charged in the indictment nor admitted by him at the rearraignment. (D.E. 20). In his supporting memorandum, Martinez makes clear that he is challenging the enhancement to his sentence under 8 U.S.C. § 1326(b), as violative of Booker, because the provision allows a sentence to be increased based on a fact (such as a prior conviction here), not found by a jury beyond a reasonable doubt.

He acknowledges that the Supreme Court held in Almendarez-Torres v. United States, 523 U.S. 224 (1998), a pre-Booker case, that Congress intended to set forth a sentencing factor in 8 U.S.C.

4

§ 1326(b)(2)[3] and not a separate criminal offense.  Id. at 235.  Thus, the Almendarez-Torres court concluded that it was not necessary for the factor to be contained in the indictment or found by a jury beyond a reasonable doubt.  Nonetheless, Martinez argues that Almendarez-Torres has been overruled by Booker, and that this Court should so hold.

## IV.  DISCUSSION

### A.      28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).  "[A] collateral challenge may not do service for an appeal."  United States v. Frady, 456 U.S. 152, 165 (1982).

The Court need not address whether Martinez has procedurally defaulted his claim by failing to appeal.  Rather, the Court concludes that he waived the sole claim he raises in his § 2255 motion. United States v. Wilkes, 20 F.3d 651 (5th Cir. 1994) (enforcing defendant's voluntary and knowing waiver of § 2255 rights); United States v. McKinney, 406 F.3d 744 (5th Cir. 2005) (enforcing, post-Booker, a waiver of appeal rights that was signed prior to the issuance of Booker).

---

[3] Subsection (b) increases the criminal penalties for reentry of certain removed aliens.  The provision under which Martinez was convicted, (b)(2), provides that any alien described in subsection (a) "whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such Title, imprisoned not more than 20 years, or both."  8 U.S.C. § 1326(b)(2).

**B.      Waiver of § 2255 Rights**

It is clear from the rearrangement recording that Martinez understood that he was waiving his right both to appeal (except under certain circumstances) and to file any § 2255 motions, all that is required for a knowing waiver.  See Wilkes, 20 F.3d at 653 (waiver is knowing if defendant understood he had a right, and understood he was giving it up).  Martinez's sworn statements in open court are entitled to a strong presumption of truthfulness.  United States v. Lampaziane, 251 F.3d 519, 524 (5th Cir. 2001) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977)); Wilkes, 20 F.3d at 653 (citing Blackledge for same proposition).  Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy."  United States v. Cothran, 302 F.3d 279, 283-84 (5th Cir. 2002).  Those statements here clearly support a finding that Martinez's wavier was knowing and voluntary.  His claim falls within the scope of that waiver.  Thus, it is not properly before the Court.  See generally Wilkes, supra; White, supra.

Moreover, the fact that Booker was not decided until after Martinez signed his waiver does not place his claim outside the scope of the waiver.  The Fifth Circuit has clearly held that "Blakely[4] and Booker do not alter the plain meaning of appeal-waiver provisions in valid plea agreements."  McKinney, 406 F.3d at 746-47 & n.5; see also, e.g., United States v. Killgo, 397 F.3d 628, n.2 (8th Cir. 2005) (enforcing waiver of appeal rights as to Sixth Amendment claim, noting that "[t]he fact that [defendant] did not anticipate the Blakely or Booker rulings does not place the issue outside the scope of his waiver"); United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (upholding waiver of appeal rights signed prior to Blakely in case raising Booker claim); United States v. Bradley, 400 F.3d 459, 465-66 (6th Cir. 2005) (enforcing defendant's waiver of appeal signed prior to Booker as

---

[4]  Blakely v. Washington, 124 S. Ct. 2531 (2004), Booker's predecessor, dealt with a state's sentencing guidelines.  The Booker court extended the reasoning of Blakely to the federal guidelines.

barring his Booker claim and collecting federal circuit court authority in agreement).

For all of the foregoing reasons, Martinez's motion is barred by his waiver and is therefore DISMISSED WITH PREJUDICE.

## C.     Merits of Claim

Even if it were not barred by his waiver, moreover, Martinez's claim fails on its merits.  As noted, Martinez challenges the enhancement to his sentence under 8 U.S.C. § 1326(b). He essentially seems to be arguing that the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998) was wrongly decided and that it should be reconsidered and overruled.[5]

As an initial matter, the Court notes that it cannot overturn Supreme Court precedent.  Thus, even if this Court agreed with his argument, it would be powerless to grant him relief.  Moreover, the Supreme Court's recent decisions have continued to reaffirm that the fact of a prior conviction is explicitly exempted from the Apprendi rule.  See, e.g., Apprendi, 530 U.S. at 490 ("**Other than the fact of a prior conviction**, any fact that increases the penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.") (emphasis added). Indeed, in both Blakely and Booker, the Supreme Court explicitly noted an exception for the fact of a prior conviction.  See, e.g., Blakely, 124 S. Ct. at 2536 (quoting same passage from Apprendi); Booker, 125 S. Ct. at 756 ("we reaffirm our holding in Apprendi: Any fact (other than a prior

---

[5] Justice Thomas, the key fifth vote in the Almendarez-Torres five-member majority, has recently espoused the same view:

> Almendarez-Torres ... has been eroded by this Court's subsequent Sixth Amendment jurisprudence, and a majority of the Court now recognizes that Almendarez-Torres was wrongly decided.  See 523 U. S., at 248–249 (SCALIA, J., joined by STEVENS, SOUTER, and GINSBURG, JJ., dissenting); Apprendi, supra, at 520–521 (THOMAS, J., concurring).  The parties do not request it here, but in an appropriate case, this Court should consider Almendarez-Torres' continuing viability.

Shepard v. United States, 125 S. Ct. 1254, 1264 (2005) (THOMAS, J., concurring).

conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."). But see supra note 5.

For the foregoing reasons, this Court concludes that the current law on this issue precludes any relief for Martinez on his claim. Accordingly, even if his motion were not barred by his waiver, his claim does not entitle him to relief. His § 2255 motion is therefore DENIED.

**D**.    **Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Martinez has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason

would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added); see also United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (applying Slack to COA determination in context of § 2255 proceedings). It is unnecessary for the Court to decide whether Martinez has stated a valid claim for relief, because he cannot establish the second Slack criterion. That is, reasonable jurists would not disagree that the sole claim raised in his motion is barred due to his waiver. Accordingly, Martinez is not entitled to a COA.

**E.     Additional Motions**

As noted, Martinez has also filed two additional motions. The first is an application to proceed *in forma pauperis.* (D.E. 21). For purposes of filing fees, a motion filed under 28 U.S.C. § 2255 is essentially a continuation of the defendant's criminal case. See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act). In this district, no filing fee is required to file such a motion. Accordingly, there is no need for *in forma pauperis* status in this matter. Martinez's motion to proceed *in forma pauperis* (D.E. 21) is DENIED WITHOUT PREJUDICE.

The second is his "Motion to Waive Assessment Fee," (D.E. 22), in which Martinez complains that the mandatory special assessment of $100 imposed as part of his criminal judgment is creating a financial hardship on him. He explains that his prison wages are minimal and that they barely cover his expenses for things like toiletries. Thus, he is finding it difficult to make payments on the assessment. (D.E. 22).

The special assessment is a part of the criminal judgment in Martinez's case. This Court is without authority to modify a criminal judgment except under limited circumstances not present here. The motion (D.E. 22) is therefore DENIED.

## V.  CONCLUSION

For the foregoing reasons, Martinez's motion to vacate, correct, or set aside his sentence pursuant to  28 U.S.C. § 2255 (D.E. 33) is DISMISSED WITH PREJUDICE.  The Court also DENIES Martinez a Certificate of Appealability.  Additionally, his motion to proceed *in forma pauperis* is DENIED WITHOUT PREJUDICE and his Motion to Waive Assessment Fee is  DENIED.

Ordered this 30th day of October 2005.

Janis Graham Jack
United States District Judge